# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT THOMAS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-196 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| COUNTY OF ALLEGHENY, ) | |
| PENNSYLVANIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

---

| | |
|---|---|
| CHERON SHELTON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-266 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| COUNTY OF ALLEGHENY, ) | |
| PENNSYLVANIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Defendants' Motions to Dismiss (Doc. 26 in Civil Action No. 22-196 and Doc. 18 in Civil Action No. 22-266) will be granted in part and denied in part, as described below.

These are two materially similar civil right cases filed by individuals alleged to have been falsely charged with six killings, in an incident that has come to be known as the "Wilkinsburg Massacre." In essence, Plaintiffs allege that they were charged and prosecuted for the crimes, based on Defendants' development of highly-unreliable confidential informant testimony, and notwithstanding the existence of clear exculpatory evidence. Plaintiffs allege that Defendants persecuted them, on the basis of fabricated and faulty evidence, in response to

community pressure to solve the crimes. *See* 2d Am. Compl. in Thomas (Doc. 19 in 22-196) at ¶¶ 8, 11.

The pleadings in the two cases, and Defendants' Motions to Dismiss, are materially similar. As go the Court's analyses in one, as go the other.

Defendants first challenge Plaintiffs' conspiracy allegations under Section 1983. Plaintiffs' allegations, taken as a whole, are sufficient to sustain a claim of conspiracy. The pleadings contain sufficient, plausible allegations to support the existence of agreement and concerted action. Although Defendants argue that the allegations are deficient, the Court sees little benefit to dismissing the claims (subject, of course, to the opportunity for curative amendment) and demanding Plaintiffs to put a finer point on things. Plaintiffs, generally, have alleged sufficient, plausible facts in support of their conspiracy claims, and the Motions to Dismiss will be denied in this respect.

Defense counsel next challenge the level of personal involvement alleged on behalf of certain individual Defendants. Although the precise contours of personal involvement in the two cases slightly differ, the Court's conclusions dovetail. Plaintiffs have made sufficient allegations of personal involvement as relates to detectives Stephen Hitchings and James Grill, Sr. Defense counsel's characterizations of these detectives' involvement are self-serving, and improperly construe inferences in their own favor. *See, e.g.*, Doc. 27 in 22-196 at pg. 12 (acknowledging that Defendant Hitchings is alleged to have "badger[ed]" Plaintiff Thomas regarding a key evidentiary issue, but positing that Defendant "appears to have been engaged in police work while being cognizant of the rights of Plaintiff"). Plaintiffs have alleged sufficient personal involvement regarding Defendants Hitchings and Grill, and Defendants' Motions are denied to this extent.

The same cannot be said, however, regarding detectives Foley and Kinavey. These Defendants are alleged only to have been "involved" in the investigation, and no additional details are provided. Plaintiffs' responsive briefing is silent in these regards, and Defendants' challenges are, in essence, unrebutted. Accordingly, Defendants' Motions will be granted with respect to detectives Foley and Kinavey. Plaintiffs will, however, be afforded one last opportunity for amendment, and they may (but are not required to) attempt to cure the deficiencies by amendment.[1]

Next are the allegations of supervisory liability against Defendant Scott Scherer. The pleadings premise his liability solely on the basis of him acting as "commander," and no allegations of personal involvement are made. As defense counsel correctly observe, liability cannot be predicated solely on the operation of respondeat superior, and Plaintiffs must allege personal involvement, by way of personal direction or actual knowledge and acquiescence. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation to quoted source omitted). Plaintiffs' allegations fail these standards, and the Motions to Dismiss are granted regarding Scott Scherer (without prejudice to attempted curative amendments).

Defendants also challenge Plaintiffs' allegations of *Monell* liability. The Court agrees that the allegations are deficient. Plaintiffs do not attempt to identify prior, similar incidents revealing a pattern of constitutional violations. Instead, they appear to rely on the "single incident" theory, *i.e.*, their own treatment. While such a theory is tenable in some circumstances,

---

[1] Although the parties' briefing does not address the matter, Plaintiffs' failure to make sufficient allegations of personal involvement also undermines their conspiracy claims against these Defendants. While not all members of a conspiracy are required to make overt acts, the allegations against these particular Defendants are so thin that the Court cannot "connect the dots" vis-à-vis the alleged conspiracy. Accordingly, the Court's dismissal of the claims against detectives Foley and Kinavey extend to the conspiracy claims, although Plaintiff may attempt curative amendments. *See* discussion in text, *supra*.

it is not here.  Plaintiffs have failed to claim that their alleged mistreatment "was caused by an existing, unconstitutional [government] policy, which policy can be attributed to a . . . policymaker."  Wood v. Williams, 568 Fed. Appx. 100, 105-06 (3d Cir. Jun. 4, 2014) (citation to quoted source omitted, alteration in original).  Nor are their allegations of a type where there is an obvious "likelihood that the situation will recur," resulting in "predictability that an officer lacking specific tools to handle [the] situation will violate citizens' rights."  Thomas v. Cumberland Cty., 749 F.3d 217, 223-24 (3d Cir. 2014) (citation to quoted source omitted) (discussing various scenarios distinguishable from the instant cases).  In sum, Plaintiffs have failed to assert viable *Monell* claims, and there is no reason to believe that the deficiency may be cured by amendment.

Finally, defense counsel challenge the Count brought against Defendant Todd Dolfi, alone, for malicious prosecution and/or abuse of process under state law.  Counsel attempt to invoke Pennsylvania's Political Subdivision Tort Claims Act.  But as Plaintiffs' counsel highlight, the statute does not shield individuals accused of acting with actual malice or engaging in willful misconduct.  Plaintiff has leveled sufficient allegations of willful misconduct against this Defendant, and the Court follows the many others before it in rejecting this challenge at the 12(b)(6) stage (and later).  *See, e.g.*, Weimer v. Fayette Cty., 2022 WL 2819025, *25 (W.D. Pa. Jul. 19, 2022); Watson v. Witmer, 183 F.Supp.3d 607, 616 (M.D. Pa. 2016).

Consistent with the foregoing, Defendants' Motions to Dismiss (**Doc. 26 in 22-196** and **Doc. 18 in 22-266**) are **GRANTED IN PART** and **DENIED IN PART**, as described above.  Should Plaintiffs wish to attempt curative amendments, limited to the ones contemplated herein, their deadline for doing so is **June 2, 2023**.  Should Plaintiffs amend, they must make last, best efforts to state viable claims, because further opportunity for amendment will not be

5

afforded.  If Plaintiffs elect not to amend, they may file notices on the dockets, so indicating, to avoid additional delay.  Defendants' deadline to answer (or otherwise respond, if the pleadings are amended) is 14 days after the filing of the third amended complaints, or Plaintiffs' notices, whichever are sooner/applicable.

    IT IS SO ORDERED.


May 19, 2023                                                     s\Cathy Bissoon
                                                                       Cathy Bissoon
                                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record